# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

DAVID METZGER

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:09-mj-339

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. During or about the summer months of 2008 in Howard County, in the Southern District of Indiana defendant did, (Track Statutory Language of Offense)

PRODUCTION AND POSSESSION OF CHILD PORNOGRAPHY

in violation of Title 18, United States Code, Sections 2251(a) and 2252(a)(4)(B). I further state that I am a Sr. Special Agent and that this complaint is based on the following facts:

See attached affidavit

**Continued on the attached sheet and made a part hereof.**

J. Thomas Rothrock

Sworn to before me, and subscribed in my presence

October 29, 2009
**Date**

at Indianapolis, Indiana
**City and State**

Jane E. Magnus-Stinson, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, J. Tom Rothrock, being first duly sworn, hereby depose and state as follows:

1. I am a Senior Special Agent with Immigration and Customs Enforcement and am assigned to the Indianapolis office. I have been a special agent with ICE (formerly U.S. Customs Service) for approximately 21 years. My duties include investigating child exploitation cases under federal laws and have been involved in over 100 child exploitation investigations involving ICE and other federal and state law enforcement agencies. I am also a member of the Indiana Internet Crimes Against Children Task Force, made up of local, state, and federal law enforcement officers, whose sole focus is investigating crimes against children.

2. I have investigated federal crimes including the sexual exploitation of children and the production, and and possession of child pornography, which is a violation of Title 18 U.S.C. Sections 2251(a). When I use the term "child pornography" in this affidavit, it refers to depictions of both child pornography as defined in 18 U.S.C., Section 2256(8)(A) or (C), and minors engaging in sexually explicit conduct as defined in 18 U.S.C., Sections 2256(1) and (2). and I am familiar with these definitions under federal law. I have assisted in the examination of documents, equipment, electronic or magnetic storage media, and other items recovered from the search of subjects and premises involved in Internet and high technology crimes involving exploitation of children and other computer based crimes.

3. The information contained within this affidavit is based on information related to me by members of the Kokomo Police Department and other law enforcement officers and/or agents who are knowledgeable in child pornography investigations.

4. This affidavit requests an arrest warrant for David Metzger, DOB 1956, 2332 Pebble Beach Dr., Kokomo, Indiana, located within Howard County, Indiana, within the Southern District of Indiana, for violations of 18 U.S.C. §§ 2251(a) (production of child pornography) and 2252(a)(4)(B) (possession of child pornography).

5. 18 U.S.C. § 2251(a) makes it a federal crime for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

6. 18 U.S.C. § 2252(a)(4)(B) makes it a federal crime for any person to knowingly possess films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer if the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

7. On October 27, 2009, Kokomo Police Department Detective Tonda Cockrell (24 year veteran) and a Child Protective Services Worker interviewed Jane Doe 1, approximately age 9. Jane Doe 1 reported that David Metzger was a relative and that some things had occurred at his

2

house during the summer of 2008. Jane Doe 1 reported that she and her other juvenile cousins were allowed to smoke, cuss, and swim naked. Jane Doe 1 stated that Metzger videorecorded her, but she did not want to talk further about it. Jane Doe 1's mother also reported that several female children in Metzger's family went to Metzger's home to swim in his swimming pool.

8. On October 28, 2009, Detective Cockrell interviewed two sisters (i.e. half-sisters) who will be referred to as Jane Doe 2 and Jane Doe 3. Jane Doe 2 is approximately age 8, and Jane Doe 3 is approximately age 10. Jane Doe 2 reported that she went to visit "Uncle David" in Kokomo, Indiana with her cousins during the summer months of 2008. "Uncle David" has a swimming pool. "Uncle David" directed the girls to wear bikinis he kept at his home. He videorecorded Jane Doe 2, her sister (Jane Doe 3) and their cousin (who will be referred to in this affidavit as Jane Doe 4), while nude and partially nude. Jane Doe 2 further reported that "Uncle David" touched her vagina with his hand and directed all three girls to touch his penis with their hands on at least one occasion. Jane Doe 2 reported that she came home once from "Uncle David's" house and was bleeding from the front and back but she did not want to talk about it. Jane Doe 2 reported that numerous females, ages 7-11 were at Uncle David's during the summer of 2008. Jane Doe 2 stated she was afraid to report it because Uncle David had told her not to report and that "he has done this to other girls before and he made them not tell."

9. Detective Cockrell also interviewed Jane Doe 3. Jane Doe 3 reported that Uncle David is from her dad's side of the family. Jane Doe 3 reported that Uncle David had touched her vaginal area one time during the summer of 2008 while she changed out of her swimsuit at his house. Jane Doe 3 stated that Uncle David had attempted to lick her sister and her cousin (i.e. Jane Doe 2 and Jane Doe 4) on their vaginas. Jane Doe 3 stated that numerous female cousins

and friends had been to Uncle David's house. Jane Doe 4 stated that a 12 year old cousin (who will be referred to as Jane Doe 5) was video recorded by Metzger in the living room while Jane Doe 5 inserted a "pink vibrating" object into her vagina that Metzger had given to her from his bedroom dresser. Jane Doe 4 reported that Metzger was doing something on his computer at the same time that Jane Doe 5 was being videorecorded and that the camera was standing on a tripod. Jane Doe 4 reported that the pictures Metzger took of the girls in their bikinis were taken with a digital camera and that he put the recordings into a file on his computer and showed the file to them after he took the images.

10. On October 28, 2009, a state search warrant was obtained by the Kokomo Police Department. Entry was made into the house at approximately 6:30 p.m. Metzger confirmed his identity, his address, his date of birth and social security number. Metzger stated his prior employment was through Chrysler and that he took a buy-out. At approximately 6:38 p.m., Metzger was ready his Miranda rights and agreed to speak with me and Lt. Don Whitehead.

11. Metzger stated he had four computers in his house which were all networked together and all had access to the internet. Metzger stated he was a photographer and that the computer in the living room was used to edit photographs. Metzger stated that the other computers were located in a bedroom, a back room, and the other computer was a laptop. All, except the laptop, were computers that Metzger had built himself.

12. Metzger stated he had encryption installed on at least two of the computers. Metzger told me and Lt. Whitehead the Windows sign-on password, but stated he did not want to give us the password to the encryption program before he spoke with a lawyer. Metzger stated he was concerned about what was on the computers. When asked for more details, Metzger stated he had pirated software on the computers. Metzger agreed to continue to talk with the exception of

4

the one issue regarding the content of the computers and not wanting to give the password to his encryption.

13. Metzger stated he graduated high school in 1974 and joined the Navy until 1984. Metzger stated he had a secret clearance, was an electrician, and had traveled in the Far East.

14. At approximately 7:00 p.m., Metzger observed several of the officers looking at the computer in the living room and observed that he had left his computer on without the encryption software running. Metzger stated the officers would now see everything and agreed to continue talking, and also asked if he could not answer questions that he did not want to. I clarified that if Metzger did not want to answer a particular question, then he did not have to answer that question. Metzger agreed to that stating he would choose the questions he wished to answer.

15. Metzger continued to talk about his background including that he was employed with Borg Warner in Muncie and then started in 1988 with Chrysler as an electrician. Metzger stated he lived alone, but confirmed he had a female friend and her two teenage daughters that recently lived with him for a week.

16. Metzger explained his computer system with more detail including: (1) He had four computers all networked together; (2) Some of the computers had multiple hard drives and one computer had at least four (4) one terabyte drives; (3) Several computers had external hard drives attached; (4) He possessed at least two NAS (networked attached storage) devices. Metzger stated his internet service was through Comcast and he had the service for about 10 years. He used the internet for chatrooms, bill paying, to file for unemployment, e-mail, and software downloads. Metzger had four different e-mail addresses. To put this in context, commercially sold DVD movies are on a disk with 4.7 gigabytes of storage. There are 1000 gigabytes in a terabyte.

17. Metzger stated that several people used the computers in the house including visitors but nobody had access to the encrypted areas. He said all of the computers used virus and spyware protection and all had firewall protection. Metzger stated he had numerous loose hard drives in the house in addition to several memory sticks, and two portable USB drives.

18. Metzger admitted owning three videocameras and two digital cameras. He stated he took a lot of pictures at family events, sporting events, and pre-1840 reenactments. Metzger stated he has pictures on his computer from the internet which he had obtained through newsgroups and MIRC (Microsoft Internet Relay Chat).

19. When asked, Metzger confirmed that some of his pictures were in appropriate including some soft core nude pictures and some hard core pictures. Metzger stated the youngest age of those individuals in these pictures would be as young as six years old. I clarified the definition of child pornography under state and federal law and Metzger indicated he understood this definition. Metzger stated that on the bedroom computer there were images that met this definition but they were in a closed encrypted container. When asked again for the password for access, Metzger stated he did not want to answer that question because it would not be in his best interest.

20. Metzger admitted to the officers that he had taken pictures that met the definition of child pornography and that he had taken inappropriate videos, inappropriate still photos and that he had touched at least seven victims inappropriately. The victims were all females between approximate ages 8-12 years old. Throughout the interview, Metzer included several statements relating to his conduct and interest. Metzger admitted that between February 2008 and November 2008,he had photographed or filmed child pornography images of Jane Does 1-7. He admitted showing one girl how to use a vibrator. Metzger admitted some details of the

molestation including penetrating Jane Doe 1 vaginally with his tongue and having her place her mouth on his penis. Metzer stated he had a sexual interest in young girls since the early 1980's when he made visits to the Philippines while in the Navy. This include going to the bars and watching young teenagers (age 13) dance. Metzger admitted to having sex with 18 year olds. Metzger admitted providing the vibrators and the swimsuits to the girls. When the girls with swim nude, he swam with them nude and he was wearing a swimsuit. These visits led to him masturbating after the girls left his house.

21. At approximately this point in the interview, Metzger agreed to give the officers the encryption key to the password protected hard drives. The officers were able to access all of the computer storage. A computer forensic examination will be lengthy, officers observed child pornography images on several of the storage devices.

22. Metzger was transported to the Kokomo Police Department for further interviewing. Detective Cockrell showed Metzger four images recovered at Metzger's residence which were hard copy prints: (1) Image #1 showed Jane Doe 1 and another minor age female, approximately age 8, both wearing two piece swimsuits, on his foldout couch. Jane Doe 1 is leaning back with her legs apart; (2) Image #2 showing the same 8 year old from before where the focal point was on her genitals; (3) Image #3 showed Jane Doe 1 nude, with her anus and vagina exposed and she is holding her labia apart; and (4) Jane Doe 1 leaning on one arm, nude, lying on Metzger's fold out couch with a pink and white sex toy partially inserted into her vagina. Metzger admitted to having taken these images in 2008 on his Canon camera, putting them on his computer, and printing out the hard copies.

23. During the forensic preview on-scene, Detective Jeff Catt observed numerous images of nude females under the familiar naming conventions of LSN, LS Models, and

Ukranian Nymphettes. These are series that show, and Detective Catt observed, nude posed females. Preliminarily, there appeared to be thousands of images present on the computer storage media.

24. During the forensic preview on-scene, Detective Dan Claassen, Fishers Police Department, 11-12 videotapes recorded by a digital video camera. The majority of images looked to be in Metzger's home shot from the kitchen into the living room on a tripod. A common theme was that music played in the background while different minor age girls danced and then take off their clothing. On one recording, two minor age females were on the couch, nude, and each are masturbating with sex toys and the audio picked up the noise of the vibrator. In this one, Metzger's voice was audible and an adult male walked up to the girls to help them insert the sex toys. On another recording, a minor age girl partially nude wearing an open robe masturbating herself with a sex toy and Metzger is eating food while watching her masturbating.

25. In one videorecording observed by Agent Mike Johnson, Metzer is depicted and he offers the minor age girl $5 to continue to masturbate with the vibrator.

26. I respectfully request an arrest warrant be issued.

AND FURTHER AFFIANT SAITH NOT.

J. Thomas Rothrock, Sr. Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to me before this 29th day of October, 2009, at Indianapolis, Indiana.

Jane E. Magnus-Stinson
United States Magistrate Judge

8